FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

APR 01 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00208-LTB

JOSEPH LEE WILLIAMS,

      Applicant,

v.

TERRY ZAVARAS, Director Colorado Dept. Corrections, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

---

## ORDER DENYING MOTION TO AMEND JUDGMENT

---

      Applicant, Joseph Lee Williams, is in the custody of the Colorado Department of Corrections and is incarcerated at the Fort Lyon Correctional Facility.  On March 30, 2011, Mr. Williams filed a "Motion to Amend Judgment Pursuant to Fed. Rule 59(e)" (Doc. No. 6) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 7).  Mr. Williams asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 21, 2011.  The Court must construe the Rule 59(e) Motion liberally because Mr. Williams is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motions will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Williams' motion to reconsider pursuant to Rule 59(e) because the motion

was filed within twenty-eight days after the Judgment was entered in this action.  *See*

*Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit

for filing a Rule 59(e) motion under prior version of that rule should be construed as a

Rule 59(e) motion).

The three major grounds that justify reconsideration are:  (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v.*

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a

new opportunity to revisit issues already addressed or to advance arguments that could

have been raised previously.  *See id*.

The Court dismissed the instant action without prejudice pursuant to Rule 41(b)

of the Federal Rules of Civil Procedure because Mr. Williams failed to comply with a

February 8, 2011 order directing him to cure a deficiency in this case within thirty days.

Specifically, Mr. Williams was ordered to re-file his Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 because the Motion he submitted on

January 27, 2011 did not contain his original signature.  Mr. Williams was also informed

that the § 1915 Motion and Affidavit were necessary only if the $5.00 filing fee was not

paid in advance.

2

Mr. Williams states in his Motion to Amend Judgment that he never received the February 8 Order.  He asserts that he was confined to the segregation unit between February 2 and February 24, 2011 and did not receive the February 8 Order during that period or thereafter.  However, the Court's docket reflects that the February 8 Order was mailed to Applicant at the correct address and was not returned to the Clerk of the Court as undeliverable by the postmaster.  Mr. Williams has not provided any documentation from the prison to support his assertions that he did not receive his mail.

The Court finds that Mr. Williams fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  He has not shown an intervening change in the controlling law, the existence of new evidence, or a need to correct clear error to prevent manifest injustice.  Mr. Williams is reminded that this action was dismissed without prejudice.  He is free to initiate a new habeas corpus proceeding at any time. Accordingly, it is

ORDERED that the "Motion to Amend Judgment Pursuant to Fed. Rule 59(e)" (Doc. No. 6) and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 7), filed by Joseph Lee Williams, are denied.

DATED at Denver, Colorado, this __1st__ day of ___April_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00208-BNB

Joseph Lee Williams
Prisoner No. 46010
Ft Lyon Correctional Facility
PO Box 1000
Ft Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 1, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk